**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CARL RICHARD MACALALAD,<br>Defendant. | Case No.: 2:26-cr-00178-GMN-DJA<br>**ORDER** |

Pending before the Court is Defendant Carl Richard Macalalad's Motion to Modify Conditions of Release, (ECF No. 6). The Government filed a Response with no objection, (ECF No. 8). Further pending before the Court is Defendant's Motion to Expedite Consideration, (ECF No. 10).[1] The Government did not file a Response.

For the reasons discussed below, the Court DENIES Defendant's Motion to Modify Conditions of Release.

## I. <u>BACKGROUND</u>

On July 22, 2026, Defendant Macalalad was sentenced to three years of supervised release as a result of his guilty plea to one count of Honest Services Wire Fraud Conspiracy under 18 U.S.C. § 1349. (Memo. Requesting Transfer, ECF No. 1-1). Specifically, Defendant Macalalad pled guilty to a conspiracy through which he received over $1 million in inflated commercial contracts in exchange for about $80,000 in financial kickbacks to the target company's plant engineer. (*See generally* Information, Ex. 1 to Transfer of Jurisdiction, ECF

[1] In his Motion to Expedite, Defendant requests expedited ruling on his Motion to Modify Conditions of Release. (*See generally* Mot. Expedite, ECF No. 10). Because the Court now renders that ruling, Defendant's Motion to Expedite is DENIED as moot.

No. 4-1). This Court accepted jurisdiction over Defendant's supervised release on August 20, 2026. (*See* Order Accepting Jurisdiction Transfer, ECF No. 2).

Defendant, appearing *pro se*, now requests a modification to the conditions of his probation to enable him to take a week-long cruise to Mexico. (*See generally* Mot. Modify Conditions Release, ECF No. 6). Defendant explains that the trip was booked and prepaid on June 30, 2026, before his July 22, 2026, sentencing date but after his March 13, 2026, guilty plea. (*Id.* ¶ 7); (*see* Guilty Plea, 3:26-CR-00035-JKM-1, ECF No. 8).

## II. LEGAL STANDARD

District courts have broad discretion to modify conditions of supervised release. *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000). A district court may modify the conditions of supervised release "at any time prior to the expiration or termination of the term of supervised release" so long as such modification complies with the Federal Rules of Criminal Procedure. 18 U.S.C. § 3583(e)(2). In considering the modified sentence, the Court must evaluate the factors set forth in 18 U.S.C. § 3553(a), follow the procedure outlined in Federal Rule of Criminal Procedure 32.1(c), and ensure that any modified conditions are consistent with the general requirements set forth in 18 U.S.C. § 3583(d). *See United States v. Bainbridge*, 746 F.3d 943, 950 (9th Cir. 2014).

## III. DISCUSSION

As a threshold matter, under Federal Rule of Criminal Procedure 32.1(c), the Court must hold a hearing before modifying conditions of supervised release. Fed. R. Crim. P. 32.1(c)(1). However, the Court need not hold a hearing before modifying conditions of supervised release if (1) the relief sought is favorable to the defendant and (2) the government declines to object after receiving notice. Fed. R. Crim. P. 32.1(c)(2)(B)–(C). Here, Defendant requests favorable

relief and the government filed a response with no objection. (*See* Response Mot. Modify, ECF No. 8). Thus, no hearing is required.

Given the nature of Defendant's request and underlying offense, the policy need for the sentence imposed, the short amount of time he has been on supervision (insufficient to demonstrate his commitment to comply with newly imposed conditions), that the special conditions imposed cannot be met or monitored while he is traveling (location monitoring – Curfew, treatment, no gambling), and the public interest in guaranteeing his ordered restitution payments, the Court declines to grant Defendant's request.

Foremost, the fraudulent nature of the underlying crime counsels against granting the motion. *See* 18 U.S.C. § 3553(a)(1). This is especially so given the minimal capacity for government oversight during the trip. The terms of Defendant's supervised release include location monitoring, monitored curfew, and a prohibition on gambling. (*See* Judgment at 4, Ex. 2 to Transfer of Jurisdiction, ECF No. 4-2). Defendant concedes that location monitoring would not occur while on the cruise. (Notice Suppl. Information ¶ 3, ECF No. 11). Rather, Defendant asks the Court to trust that he will not disembark the ship at any foreign ports, will independently respect his curfew, and will not enter any of the casinos onboard the cruise ship. (*See* Mot. Modify Conditions Release 3:23-25). Given the recency of Defendant's sentencing, he has not established a track record of compliance which would justify that level of trust. He could have shown to the court that he was committed to fulfilling his $80,000 restitution obligation by placing the money that was used to pay for his cruise ($18,000) to his restitution balance. The nature of the underlying crime coupled with the fact that this cruise was booked just three months *after* Defendant pled guilty to federal wire fraud and *before* sentencing, yet neither he nor his attorney brought this information to the attention of Honorable Judge Munley during sentencing on July 22, 2026, when he imposed a six month curfew, or before his

supervision was transferred, the Court finds too many reasons counselling against granting the Motion.

Second, the Court finds that the existing conditions of release reflect the seriousness of the underlying offense, promote respect for the law, and afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A)–(B). The Court declines to undercut these principals for a cruise vacation with little to no oversight capabilities.

Finally, the Court recognizes the need in this matter to provide restitution to the victim of the offense. *See* 18 U.S.C. § 3553(a)(7). The Court declines to risk further delay of this payment, including by enabling unmonitored access to the cruise ship casino.

For the above reasons, the Court DENIES Defendant Macalalad's Motion to Modify Conditions of Release.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify Conditions of Release, (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Expedite Consideration, (ECF No. 10), is **DENIED** as moot.

**DATED** this 14 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT