**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CARL RICHARD MACALALAD,

Defendant.

Case No.: 2:26-cr-00178-GMN-DJA

**ORDER**

Pending before the Court is the Motion for Reconsideration of the Court's Order Denying Motion to Modify Conditions, (ECF No. 16), filed *pro se* by Defendant Carl Macalalad.[1] The Government has not yet filed a response. Further pending before the Court is Defendant's Motion to Expedite Consideration, (ECF No. 10).[2] The Government has also not yet filed a response. For the reasons discussed below, the Court DENIES Defendant's Motion for Reconsideration and Motion to Expedite.

## I. <u>BACKGROUND</u>

This case arises from Plaintiff's sentencing to three years of probation as a result of his guilty plea to one count of Honest Services Wire Fraud Conspiracy Under 18 U.S.C. § 1349. (Memo. Requesting Transfer, ECF No. 1). Defendant pled guilty to a conspiracy through which he received over $1 million in inflated commercial contracts in exchange for about $80,000 in financial kickbacks to the target company's plant engineer. (*See generally*

---

[1] The Court is obligated to hold a *pro se* litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The pleadings of a *pro se* litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). However, the *pro se* litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[2] In his Motion to Expedite, Defendant requests expedited ruling on his Motion to Modify Conditions of Release. (*See generally* Mot. Expedite, ECF No. 17). Because the Court now renders that ruling, Defendant's Motion to Expedite is DENIED as moot.

Information, Ex. 1 to Transfer of Jurisdiction, ECF No. 4-1). This Court accepted jurisdiction over Defendant's supervised release on August 20, 2026. (*See* Order Accepting Jurisdiction Transfer, ECF No. 2).

Not long after his sentencing, Defendant filed a Motion to Modify Conditions of Probation on August 27, 2026, requesting leave to go on a week-long cruise to Mexico. (*See generally* Mot. Modify Conditions Release, ECF No. 6). On September 14, 2026, the Court denied that Motion. (Order 4:13–14, ECF No. 15). Defendant now requests reconsideration of that Order.

## II. LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

## III. DISCUSSION

In the present Motion for Reconsideration, Defendant correctly notes that the Court's prior Order improperly cited to 18 U.S.C. § 3583, governing supervised release, rather than Section 3563, governing probation, which is applicable here. (Mot. Reconsideration 3:13–15, ECF No. 16). Defendant acknowledges that the distinction does not "automatically require[] a different result." (*Id.* 3:15–16).

The Court finds that its prior analysis is unchanged under Section 3563. Previously, Section 3583 directed the Court to follow the factors for imposing a sentence outlined in Section 3553(a), through which the Court found that Defendant's proposed modification was against the public interest. (Order 3:3–8). Section 3563(c), via Section 3563(b), points to the very same factors. Because the substantive analysis is identical under both statutes, the Court finds the erroneous citation to be merely a scrivener's error, and therefore not clear error. *See United States v. Haig*, No. 2:18-cr-00256-JCM (VCF), 2019 WL 3577647, at *5 (D. Nev. Aug. 6, 2019) (holding that a scrivener's error does not constitute clear error).

Defendant further notes that the documented cost of his trip is $1,833.92, rather than the $18,000 referenced in the Order. (Mot. Reconsideration 3:19–4:1). The Court finds that this too was a scrivener's error. The Court maintains that regardless of the price, a cruise vacation to Mexico constitutes an unreasonable probation modification while a victim's restitution balance is still outstanding. Thus, this error also fails to amount to clear error and does not justify reconsideration. *See Haig*, 2019 WL 3577647 at *5.

Defendant next advances several other factual bases for reconsideration. These include (1) that Defendant began restitution-related efforts before sentencing and can make a $1,833.92 restitution payment as a condition of approval (Mot. Reconsideration 4:3–4); (2) that gambling was not part of the offense conduct and Defendant undertook voluntary gambling rehabilitation before sentencing (*id.* 4:17–18); (3) offering cooperation with additional supervisory mechanisms (*id.* 5:14); and (4) that Defendant disclosed the pre-planned trip to his counsel before sentencing (*id.* 6:5–6). None of these proposals constitute "newly discovered evidence" that was unavailable to Defendant in the initial proceeding, and therefore none are a valid basis for reconsideration here. *ACandS, Inc.*, 5 F.3d at 1263. Regardless, none of these additional bases disturb the Court's initial conclusion under the Section 3553(a) factors.

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, (ECF No. 16), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Expedite Consideration, (ECF No. 17), is **DENIED** as moot.

**DATED** this 17 day of September, 2026.

Gloria M. Navarro, District Judge
United States District Court